**EPSTEIN DRANGEL LLP**
Jason M. Drangel (*pro hac vice application to be filed*)
jdrangel@ipcounselors.com
Ashly E. Sands (*pro hac vice application to be filed*)
asands@ipcounselors.com
Kerry B. Brownlee (*pro hac vice application to be filed*)
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: 310-356-4668
Facsimile: 310-388-1232

Attorneys for Defendants,
Telebrands Corp., Hempvana, LLC,
Bulbhead.Com, LLC, and Health Bloom, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

HEALTHVANA, INC., a Delaware corporation,

Plaintiff,

v.

TELEBRANDS CORP., a New Jersey Corporation; HEMPVANA, LLC, a Delaware Limited Liability Company; BULBHEAD.COM, LLC; a Delaware Limited Liability Company; and HEALTH BLOOM, LLC, a Delaware Limited Liability Company,

Defendants.

CASE NO. 2:20-cv-04305-DDP-SK

**DEFENDANTS' ANSWER TO PLAINTIFF HEALTHVANA INC.'S COMPLAINT**

Complaint Filed: May 12, 2020
Trial Date: [None Set]

Defendants Telebrands Corp.'s ("Telebrands"), Hempvana, LLC's, Bulbhead.com, LLC's ("Bulbhead"), and Health Bloom, LLC's (collectively "Defendants"), by and through its undersigned counsel, answers the separately numbered allegations of Plaintiff Healthvana Inc. ("Plaintiff" or "Healthvana") Complaint (the "Complaint") as follows:

## GENERAL DENIAL

Defendants deny all allegations in Plaintiff's Complaint that are not expressly admitted herein.

## NATURE OF THE ACTION

1. Defendants admit that this action alleges claims for trademark infringement and false advertising, but denies that said claims have any merit, whatsoever. Defendants deny the remaining allegations set forth in paragraph 1.

2. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 2, and leave Plaintiff to its strict proof.

3. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 3, and leave Plaintiff to its strict proof.

4. Defendants admit that Telebrands is a direct marketing company and that it began selling hand sanitizer in March 2020 from a website with an address of www.healthvanafoam.com. Defendants deny the remaining allegations set forth in paragraph 4.

5. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 5, and leave Plaintiff to its strict proof.

6. Except to admit that Defendants changed the name of their product to "Handvana" in April 2020, Defendants deny the allegations set forth in paragraph 6.

**JURISDICTION AND VENUE**

7. Defendants admit that this is a civil action that makes claims for trademark infringement, unfair competition, false advertising and cybersquatting, but deny that said claims have any merit, whatsoever.

8. Defendants admit that Plaintiff has brought claims under various federal statutes, but denies that such claims have any merit, whatsoever.

9. Other than to admit that certain Defendants have sold certain products within this district, Defendants deny the allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10.

**PARTIES**

11. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 10, and leave Plaintiff to its strict proof.

12. Defendants deny that Hempvana offered Healthvana for sale. Defendant admits the remaining allegations set forth in paragraph 12.

13. Defendants deny that they sold any product that infringed any intellectual property of Plaintiff. Defendants admit the remaining allegations set forth in paragraph 13.

14. Defendants deny that they sold any product that infringed any intellectual property of Plaintiff. Defendants admit the remaining allegations set forth in paragraph 14.

15. Defendants admit the allegations set forth in paragraph 15.

**HEALTHVANA'S HIPAA-SECURE, MOBILE FRIENDLY PORTAL**

16. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 16, and leave Plaintiff to its strict proof.

17. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 17, and leave Plaintiff to its strict proof.

18. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 18, and leave Plaintiff to its strict proof.

19. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 19, and leave Plaintiff to its strict proof.

20. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 20, and leave Plaintiff to its strict proof.

**HEALTHVANA'S INSTRUMENTAL ROLE IN COVID-19 TESTING**

21. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 21, and leave Plaintiff to its strict proof.

22. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 22, and leave Plaintiff to its strict proof.

23. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 23, and leave Plaintiff to its strict proof.

24. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 24, and leave Plaintiff to its strict proof.

25. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 25, and leave Plaintiff to its strict proof.

26. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 26, and leave Plaintiff to its strict proof.

27. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 27, and leave Plaintiff to its strict proof.

**HEALTHVANA'S TRADEMARK RIGHTS**

28. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 28, and leave Plaintiff to its strict proof.

29. Defendants neither admit nor deny the allegations set forth in paragraph 29, as those allegations relate to a document that speaks for itself.

30. Defendants neither admit nor deny the allegations set forth in paragraph 30, as those allegations relate to a document that speaks for itself.

31. Defendants neither admit nor deny the allegations set forth in paragraph 31, as paragraph 31 states legal conclusions and not factual allegations.

32. Defendants neither admit nor deny the allegations set forth in paragraph 32, as paragraph 32 states legal conclusions and not factual allegations.

**DEFENDANTS' EFFORTS TO CAPITALIZE ON INCREASED HAND SANITIZER DEMAND DUE TO COVID-19**

33. Other than to admit that demand for hand sanitizers increased in March 2020, Defendants neither admit nor deny the allegations set forth in paragraph 33, as those allegations relate to a document that speaks for itself.

34. Defendants admit that Telebrands and Bulbhead sold hand sanitizer products in March 2020.

35. Defendants neither admit nor deny the allegations set forth in paragraph 35, as those allegations relate to documents that speak for themselves.

36. Defendants admit the allegations set forth in paragraph 36.

37. Defendants admit the allegations set forth in paragraph 37.

38. Defendants neither admit nor deny the allegations set forth in paragraph 38, as those allegations relate to documents that speak for themselves.

39. Defendants neither admit nor deny the allegations set forth in paragraph 39, as those allegations relate to documents that speak for themselves.

40. Defendants admit that Telebrands and Bulbhead marketed the hand sanitizer product. Defendants deny the remaining allegations set forth in paragraph 40.

41. Defendants admit the allegations set forth in paragraph 41.

42. Defendants admit that certain YouTube videos promoted the "Healthvana" hand sanitizer.

43. Defendants neither admit nor deny the allegations set forth in paragraph 43, as those allegations relate to documents that speak for themselves.

## WIDESPREAD CONSUMER CONFUSION AND ANGER

44. Defendants deny the allegations set forth in paragraph 44.

45. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 45, and leave Plaintiff to its strict proof.

46. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 46, and leave Plaintiff to its strict proof.

47. Defendants neither admit nor deny the allegations set forth in paragraph 47, as those allegations relate to a document that speaks for itself.

48. Defendants neither admit nor deny the allegations set forth in paragraph 48, as those allegations relate to a document that speaks for itself.

49. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 49, and leave Plaintiff to its strict proof.

50. Defendants neither admit nor deny the allegations set forth in paragraph 50, as those allegations relate to a document that speaks for itself.

51. Other than to admit that Health Bloom filed a trademark application for "Healthvana Hydroclean," Defendants deny the allegations set forth in paragraph 51.

52. Defendants neither admit nor deny the allegations set forth in paragraph 52, as those allegations relate to a document that speaks for itself.

53. Defendants neither admit nor deny the allegations set forth in paragraph 53, as those allegations relate to a document that speaks for itself.

54. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54, and leave Plaintiff to its strict proof.

55. Defendants neither admit nor deny the allegations set forth in paragraph 55, as those allegations relate to a document that speaks for itself.

56. Defendants neither admit nor deny the allegations set forth in paragraph 56, as those allegations relate to a document that speaks for itself.

57. Defendants neither admit nor deny the allegations set forth in paragraph 57, as those allegations relate to a document that speaks for itself.

58. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58, and leave Plaintiff to its strict proof.

59. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59, and leave Plaintiff to its strict proof.

## DEFENDANTS' REBRAND TO "HANDVANA"

60. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60, and leave Plaintiff to its strict proof.

61. Defendants neither admit nor deny the allegations set forth in paragraph 61, as those allegations relate to a document that speaks for itself.

62. Defendants admit that a conference call took place on March 30, 2020. Defendants are without sufficient information to form a belief as to the truth or falsity of

the allegation set forth in the last sentence of paragraph 62, and leave Plaintiff to its strict proof.

63. Defendants neither admit nor deny the allegations set forth in paragraph 63, as those allegations relate to documents that speak for themselves.

64. Other than to admit that Telebrands and Bulbhead agreed to remove references to "Healthvana" and would change the website address, Defendants deny the allegations set forth in paragraph 64.

65. Defendants admit the allegations set forth in paragraph 65.

66. Defendants neither admit nor deny the allegations set forth in paragraph 66, as those allegations relate to documents that speak for themselves.

67. Defendants neither admit nor deny the allegations set forth in paragraph 67, as those allegations relate to a document that speaks for itself.

68. Defendants deny the allegations set forth in paragraph 68.

**CONTINUED CONFUSION AND ANGER**

69. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69, and leave Plaintiff to its strict proof.

70. Defendants neither admit nor deny the allegations set forth in paragraph 70, as those allegations relate to a document that speaks for itself.

71. Defendants neither admit nor deny the allegations set forth in paragraph 71, as those allegations relate to a document that speaks for itself.

72. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 72, and leave Plaintiff to its strict proof.

73. Defendants neither admit nor deny the allegations set forth in paragraph 73, as those allegations relate to a document that speaks for itself.

74. Defendants neither admit nor deny the allegations set forth in paragraph 74, as those allegations relate to a document that speaks for itself.

75. Defendant admits the allegations set forth in paragraph 75.

**DEFENDANTS' FALSE ADVERTISING**

76. Defendants deny the allegations set forth in paragraph 76.

77. Defendants neither admit nor deny the allegations set forth in paragraph 77, as those allegations relate to a document that speaks for itself.

78. Defendants deny the allegations set forth in paragraph 78.

79. Defendants neither admit nor deny the allegations set forth in paragraph 79, as those allegations relate to a document that speaks for itself.

80. Defendants deny the allegations set forth in paragraph 80.

81. Defendants neither admit nor deny the allegations set forth in paragraph 81, as those allegations relate to a document that speaks for itself.

82. Defendants deny the allegations set forth in paragraph 82.

83. Defendants neither admit nor deny the allegations set forth in paragraph 83, as those allegations relate to a document that speaks for itself.

84. Defendants neither admit nor deny the allegations set forth in paragraph 84, as those allegations relate to a document that speaks for itself.

85. Defendants neither admit nor deny the allegations set forth in paragraph 85, as those allegations relate to a document that speaks for itself.

86. Defendants deny the allegations set forth in paragraph 86.

87. Defendants deny the allegations set forth in paragraph 87.

**COUNT I**

**Federal Trademark Infringement**

**(15 U.S.C. § 1114(1))**

88. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

89. Defendants neither admit nor deny the allegations set forth in paragraph 89, as those allegations relate to a document that speaks for itself.

90. Defendants neither admit nor deny the allegations set forth in paragraph 90, as those allegations relate to a document that speaks for itself.

91. Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 91, and leave Plaintiff to its strict proof.

92. Defendants deny the allegations set forth in paragraph 92.

93. Defendants deny the allegations set forth in paragraph 93.

94. Defendants deny the allegations set forth in paragraph 94.

95. Defendants deny the allegations set forth in paragraph 95.

## COUNT II

### Federal Unfair Competition

### (15. U.S.C. § 1125(a)(1)(A))

96. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

97. Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 97, and leave Plaintiff to its strict proof.

98. Defendants deny the allegations set forth in paragraph 98.

99. Defendants deny the allegations set forth in paragraph 99.

100. Defendants deny the allegations set forth in paragraph 100.

101. Defendants deny the allegations set forth in paragraph 101.

102. Defendants deny the allegations set forth in paragraph 102.

## COUNT III

### Trademark Infringement and Unfair Competition

### (California Common Law)

103. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

104. Defendants deny the allegations set forth in paragraph 104.

105. Defendants deny the allegations set forth in paragraph 105.

106. Defendants deny the allegations set forth in paragraph 106.

107. Defendants deny the allegations set forth in paragraph 107.

108. Defendants deny the allegations set forth in paragraph 108.

109. Defendants deny the allegations set forth in paragraph 109.

110. Defendants deny the allegations set forth in paragraph 110.

**COUNT IV**

**Unfair Competition**

**(Cal. Bus. & Prof. Code, § 17200, *et seq.*)**

111. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

112. Defendants deny the allegations set forth in paragraph 112.

113. Defendants deny the allegations set forth in paragraph 113.

114. Defendants deny the allegations set forth in paragraph 114.

**COUNT V**

**Federal False Advertising**

**(15. U.S.C. § 1125(a)(1)(B))**

115. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

116. Defendants deny the allegations set forth in paragraph 116.

117. Defendants deny the allegations set forth in paragraph 117.

118. Defendants deny the allegations set forth in paragraph 118.

**COUNT VI**

**State False Advertising**

**(Cal. Bus. & Prof. Code § 17500, *et seq.*)**

119. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

120. Defendants deny the allegations set forth in paragraph 120.

121. Defendants deny the allegations set forth in paragraph 121.

122. Defendants deny the allegations set forth in paragraph 122.

123. Defendants deny the allegations set forth in paragraph 123.

**COUNT VII**

**Anti-Cybersquatting Consumer Protection Act**

**(15 U.S.C. § 1125(d))**

124. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

125. Defendants admit the allegations set forth in paragraph 125.

126. Defendants deny the allegations set forth in paragraph 126.

127. Defendants deny the allegations set forth in paragraph 127.

128. Defendants deny the allegations set forth in paragraph 128.

129. Defendants deny the allegations set forth in paragraph 129.

130. Defendants deny the allegations set forth in paragraph 130.

**PRAYER**

Defendants deny that Plaintiff is entitled to any relief, including the relief requested in Plaintiff's Prayer for Relief set forth in the Complaint.

**AFFIRMATIVE DEFENSES**

Pleading further and without waiving the above Answer, Defendants assert that Plaintiff's claims are barred in whole or in part, based on one or more of the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which any relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants' use of the HEALTHVANA trademark in connection with hand sanitizers is not likely to cause confusion with HEALTHVANA for a test result reporting service.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable defenses of laches, acquiesce, estoppel, or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve the right to assert other affirmative defenses which have become appropriate after discovery.

**PRAYER FOR RELIEF REGARDING PLAINTIFF'S CLAIMS**

WHEREFORE, Defendants pray for relief as follows:

a. Plaintiff's Complaint against Defendants be dismissed with prejudice and Plaintiff takes nothing by way of this action;

b. Judgment in favor of Defendants and against Plaintiff with respect to each of pPaintiff's asserted claims;

c. Judgment in favor of Defendants and against Plaintiff with respect to each of Defendants' affirmative defenses;

d. For such other and further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants respectfully demand a trial by jury as to all issues in this lawsuit of which trial by jury is permitted.

DATED: June 23, 2020

EPSTEIN DRANGEL LLP

By: *s/ Peter J. Farnese*
Peter J. Farnese

Attorneys for Defendants,
Telebrands Corp., Hempvana, LLC,
Bulbhead.Com, LLC, and Health Bloom, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

DATED: June 23, 2020 By: s/ Peter J. Farnese
Peter J. Farnese