**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 S. Flower St., Suite 1000
Los Angeles, California 90017
Telephone:  310-356-4668
Facsimile:   310-388-1232

Attorneys for Defendants,
Telebrands Corp., Hempvana, LLC,
Bulbhead.Com, LLC, and Health Bloom, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HEALTHVANA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TELEBRANDS CORP., a New Jersey Corporation; HEMPVANA, LLC, a Delaware Limited Liability Company; BULBHEAD.COM, LLC; a Delaware Limited Liability Company; and HEALTH BLOOM, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | CASE NO. 2:20-cv-04305-DDP-SK<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF HEALTHVANA INC.'S FIRST AMENDED COMPLAINT** |

Defendants Telebrands Corp.'s ("Telebrands"), Hempvana, LLC's, Bulbhead.com, LLC's ("Bulbhead"), and Health Bloom, LLC's (collectively "Defendants"), by and through its undersigned counsel, answers the separately numbered allegations of Plaintiff Healthvana Inc. ("Plaintiff" or "Healthvana") First Amended Complaint (the "Complaint") as follows:

## GENERAL DENIAL

Defendants deny all allegations in Plaintiff's Complaint that are not expressly admitted herein.

## NATURE OF THE ACTION

1. Defendants admit that this action alleges claims for trademark infringement and false advertising, but denies that said claims have any merit, whatsoever. Defendants deny the remaining allegations set forth in paragraph 1.

2. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 2, and leave Plaintiff to its strict proof.

3. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 3, and leave Plaintiff to its strict proof.

4. Defendants admit that Telebrands is a direct marketing company and that it began selling hand sanitizer in March 2020 from a website with an address of www.healthvanafoam.com. Defendants deny the remaining allegations set forth in paragraph 4.

5. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 5, and leave Plaintiff to its strict proof.

6. Except to admit that Defendants changed the name of their product to "Handvana" in April 2020, Defendants deny the allegations set forth in paragraph 6.

## JURISDICTION AND VENUE

7. Defendants admit that this is a civil action that makes claims for trademark infringement, unfair competition, false advertising and cybersquatting, but deny that said claims have any merit, whatsoever.

8. Defendants admit that Plaintiff has brought claims under various federal statutes, but denies that such claims have any merit, whatsoever.

9. Other than to admit that certain Defendants have sold certain products within this district, Defendants deny the allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10.

## PARTIES

11. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 10, and leave Plaintiff to its strict proof.

12. Defendants deny that Hempvana offered Healthvana for sale. Defendant admits the remaining allegations set forth in paragraph 12.

13. Defendants deny that they sold any product that infringed any intellectual property of Plaintiff. Defendants admit the remaining allegations set forth in paragraph 13.

14. Defendants deny that they sold any product that infringed any intellectual property of Plaintiff. Defendants admit the remaining allegations set forth in paragraph 14.

15. Defendants admit the allegations set forth in paragraph 15.

## HEALTHVANA'S HIPAA-SECURE, MOBILE FRIENDLY PORTAL

16. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 16, and leave Plaintiff to its strict proof.

17. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 17, and leave Plaintiff to its strict proof.

18. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 18, and leave Plaintiff to its strict proof.

19. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 19, and leave Plaintiff to its strict proof.

20. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 20, and leave Plaintiff to its strict proof.

**HEALTHVANA'S INSTRUMENTAL ROLE IN COVID-19 TESTING**

21. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 21, and leave Plaintiff to its strict proof.

22. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 22, and leave Plaintiff to its strict proof.

23. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 23, and leave Plaintiff to its strict proof.

24. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 24, and leave Plaintiff to its strict proof.

25. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 25, and leave Plaintiff to its strict proof.

26. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 26, and leave Plaintiff to its strict proof.

27. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 27, and leave Plaintiff to its strict proof.

## HEALTHVANA'S TRADEMARK RIGHTS

28. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 28, and leave Plaintiff to its strict proof.

29. Defendants neither admit nor deny the allegations set forth in paragraph 29, as those allegations relate to a document that speaks for itself.

30. Defendants neither admit nor deny the allegations set forth in paragraph 30, as those allegations relate to a document that speaks for itself.

31. Defendants neither admit nor deny the allegations set forth in paragraph 31, as paragraph 31 states legal conclusions and not factual allegations.

32. Defendants neither admit nor deny the allegations set forth in paragraph 32, as paragraph 32 states legal conclusions and not factual allegations.

## DEFENDANTS' EFFORTS TO CAPITALIZE ON INCREASED HAND SANITIZER DEMAND DUE TO COVID-19

33. Other than to admit that demand for hand sanitizers increased in March 2020, Defendants neither admit nor deny the allegations set forth in paragraph 33, as those allegations relate to a document that speaks for itself.

34. Defendants admit that Telebrands and Bulbhead sold hand sanitizer products in March 2020.

35. Defendants neither admit nor deny the allegations set forth in paragraph 35, as those allegations relate to documents that speak for themselves.

36. Defendants admit the allegations set forth in paragraph 36.

37. Defendants admit the allegations set forth in paragraph 37.

38. Defendants neither admit nor deny the allegations set forth in paragraph 38, as those allegations relate to documents that speak for themselves.

39. Defendants neither admit nor deny the allegations set forth in paragraph 39, as those allegations relate to documents that speak for themselves.

40. Defendants admit that a limited number of hand sanitizer gel products with the word "Healthvana" on the product label were sold to the retailers Home Depot and Lowes, but otherwise denies the allegations set forth in paragraph 40.

41. Defendants deny the allegations set forth in paragraph 41.

42. Defendants deny the allegations set forth in paragraph 42.

43. Defendants admit that Telebrands and Bulbhead marketed the hand sanitizer product.  Defendants deny the remaining allegations set forth in paragraph 43.

44. Defendants admit the allegations set forth in paragraph 44.

45. Defendants admit the allegations in paragraph 45 that certain YouTube videos promoted the "Healthvana" hand sanitizer.

46. Defendants neither admit nor deny the allegations set forth in paragraph 46, as those allegations relate to documents that speak for themselves.

## **WIDESPREAD CONSUMER CONFUSION AND ANGER**

47. Defendants deny the allegations set forth in paragraph 47.

48. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 48, and leave Plaintiff to its strict proof.

49. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 49, and leave Plaintiff to its strict proof.

50. Defendants neither admit nor deny the allegations set forth in paragraph 50, as those allegations relate to a document that speaks for itself.

51. Defendants neither admit nor deny the allegations set forth in paragraph 51, as those allegations relate to a document that speaks for itself.

52. Defendants are without knowledge or information sufficient to from a belief as to the truth or falsity of the allegations set forth in paragraph 52, and leave Plaintiff to its strict proof.

53. Defendants neither admit nor deny the allegations set forth in paragraph 53, as those allegations relate to a document that speaks for itself.

54. Other than to admit that Health Bloom filed a trademark application for "Healthvana Hydroclean," Defendants deny the allegations set forth in paragraph 54.

55. Defendants neither admit nor deny the allegations set forth in paragraph 55, as those allegations relate to a document that speaks for itself.

56. Defendants neither admit nor deny the allegations set forth in paragraph 56, as those allegations relate to a document that speaks for itself.

57. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57, and leave Plaintiff to its strict proof.

58. Defendants neither admit nor deny the allegations set forth in paragraph 58, as those allegations relate to a document that speaks for itself.

59. Defendants neither admit nor deny the allegations set forth in paragraph 59, as those allegations relate to a document that speaks for itself.

60. Defendants neither admit nor deny the allegations set forth in paragraph 60, as those allegations relate to a document that speaks for itself.

61. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61, and leave Plaintiff to its strict proof.

62. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62, and leave Plaintiff to its strict proof.

## **DEFENDANTS' REBRAND TO "HANDVANA"**

63. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63, and leave Plaintiff to its strict proof.

64. Defendants neither admit nor deny the allegations set forth in paragraph 64, as those allegations relate to a document that speaks for itself.

65. Defendants admit that a conference call took place on March 30, 2020. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegation set forth in the last sentence of paragraph 65, and leave Plaintiff to its strict proof.

66. Defendants neither admit nor deny the allegations set forth in paragraph 66, as those allegations relate to documents that speak for themselves.

67. Other than to admit that Telebrands and Bulbhead agreed to remove references to "Healthvana" and would change the website address, Defendants deny the allegations set forth in paragraph 67.

68. Defendants admit the allegations set forth in paragraph 68.

69. Defendants neither admit nor deny the allegations set forth in paragraph 69, as those allegations relate to documents that speak for themselves.

70. Defendants neither admit nor deny the allegations set forth in paragraph 70, as those allegations relate to a document that speaks for itself.

71. Defendants deny the allegations set forth in paragraph 71.

72. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegation set forth in paragraph 72 and leave Plaintiff to its strict proof.

73. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegation set forth in paragraph 73 and leave Plaintiff to its strict proof.

## CONTINUED CONFUSION AND ANGER

74. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 74, and leave Plaintiff to its strict proof.

75. Defendants neither admit nor deny the allegations set forth in paragraph 75, as those allegations relate to a document that speaks for itself.

76. Defendants neither admit nor deny the allegations set forth in paragraph 76, as those allegations relate to a document that speaks for itself.

77. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 77, and leave Plaintiff to its strict proof.

78. Defendants neither admit nor deny the allegations set forth in paragraph 78, as those allegations relate to a document that speaks for itself.

79. Defendants neither admit nor deny the allegations set forth in paragraph 79, as those allegations relate to a document that speaks for itself.

80. Defendant admits the allegations set forth in paragraph 80.

## **DEFENDANTS' FALSE ADVERTISING**

81. Defendants deny the allegations set forth in paragraph 81.

82. Defendants neither admit nor deny the allegations set forth in paragraph 82, as those allegations relate to a document that speaks for itself.

83. Defendants deny the allegations set forth in paragraph 83.

84. Defendants neither admit nor deny the allegations set forth in paragraph 84, as those allegations relate to a document that speaks for itself.

85. Defendants deny the allegations set forth in paragraph 85.

86. Defendants neither admit nor deny the allegations set forth in paragraph 86, as those allegations relate to a document that speaks for itself.

87. Defendants deny the allegations set forth in paragraph 87.

88. Defendants neither admit nor deny the allegations set forth in paragraph 88, as those allegations relate to a document that speaks for itself.

89. Defendants neither admit nor deny the allegations set forth in paragraph 89, as those allegations relate to a document that speaks for itself.

90. Defendants neither admit nor deny the allegations set forth in paragraph 90, as those allegations relate to a document that speaks for itself.

91. Defendants deny the allegations set forth in paragraph 91.

92. Defendants deny the allegations set forth in paragraph 92.

# COUNT I

## Federal Trademark Infringement

## (15 U.S.C. § 1114(1))

93. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

94. Defendants neither admit nor deny the allegations set forth in paragraph 94, as those allegations relate to a document that speaks for itself.

95. Defendants neither admit nor deny the allegations set forth in paragraph 95, as those allegations relate to a document that speaks for itself.

96. Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 96, and leave Plaintiff to its strict proof.

97. Defendants deny the allegations set forth in paragraph 97.

98. Defendants deny the allegations set forth in paragraph 98.

99. Defendants deny the allegations set forth in paragraph 99.

100. Defendants deny the allegations set forth in paragraph 100.

# COUNT II

## Federal Unfair Competition

## (15. U.S.C. § 1125(a)(1)(A))

101. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

102. Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 102, and leave Plaintiff to its strict proof.

103. Defendants deny the allegations set forth in paragraph 103.

104. Defendants deny the allegations set forth in paragraph 104.

105. Defendants deny the allegations set forth in paragraph 105.

106. Defendants deny the allegations set forth in paragraph 106.

107. Defendants deny the allegations set forth in paragraph 107.

## COUNT III

## Trademark Infringement and Unfair Competition

## (California Common Law)

108. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

109. Defendants deny the allegations set forth in paragraph 109.

110. Defendants deny the allegations set forth in paragraph 110.

111. Defendants deny the allegations set forth in paragraph 111.

112. Defendants deny the allegations set forth in paragraph 112.

113. Defendants deny the allegations set forth in paragraph 113.

114. Defendants deny the allegations set forth in paragraph 114.

115. Defendants deny the allegations set forth in paragraph 115.

## COUNT IV

## Unfair Competition

## (Cal. Bus. & Prof. Code, § 17200, *et seq.*)

116. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

117. Defendants deny the allegations set forth in paragraph 117.

118. Defendants deny the allegations set forth in paragraph 118.

119. Defendants deny the allegations set forth in paragraph 119.

## COUNT V

## Federal False Advertising

## (15. U.S.C. § 1125(a)(1)(B))

120. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

121. Defendants deny the allegations set forth in paragraph 121.

122. Defendants deny the allegations set forth in paragraph 122.

123. Defendants deny the allegations set forth in paragraph 123.

## COUNT VI

**State False Advertising**

**(Cal. Bus. & Prof. Code § 17500, *et seq.*)**

124. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

125. Defendants deny the allegations set forth in paragraph 125.

126. Defendants deny the allegations set forth in paragraph 126.

127. Defendants deny the allegations set forth in paragraph 127.

128. Defendants deny the allegations set forth in paragraph 128.

## COUNT VII

**Anti-Cybersquatting Consumer Protection Act**

**(15 U.S.C. § 1125(d))**

129. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

130. Defendants admit the allegations set forth in paragraph 130.

131. Defendants deny the allegations set forth in paragraph 131.

132. Defendants deny the allegations set forth in paragraph 132.

133. Defendants deny the allegations set forth in paragraph 133.

134. Defendants deny the allegations set forth in paragraph 134.

135. Defendants deny the allegations set forth in paragraph 135.

## COUNT VIII

**Contributory Trademark Infringement**

136. Defendants incorporate their responses to the prior allegations of the Complaint as if set forth at length herein.

137. Defendants admit the allegations that it sold a limited amount hand sanitizer gel products with the word "Healthvana" on the label to Home Depot and Lowe's, but otherwise denies the allegations set forth in paragraph 137.

138. Defendants deny the allegations set forth in paragraph 138.

139. Defendants deny the allegations set forth in paragraph 139.

140. Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 140, and leave Plaintiff to its strict proof.

141. Defendants are without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 141, and leave Plaintiff to its strict proof.

142. Defendants deny the allegations set forth in paragraph 142.

## PRAYER

Defendants deny that Plaintiff is entitled to any relief, including the relief requested in Plaintiff's Prayer for Relief set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Pleading further and without waiving the above Answer, and without waiving or excusing Plaintiff's burden of proof or admitting that any of the following are in fact defenses upon which Defendants have any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendants have any burden of proof at all, Defendants assert that Plaintiff's claims are barred in whole or in part, based on one or more of the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein fail to state a claim upon which any relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' use of the HEALTHVANA trademark in connection with hand

sanitizers is not likely to cause confusion with HEALTHVANA for a test result reporting service.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred by the equitable defenses of laches, acquiesce, estoppel, or waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any monetary recovery, in part, because Plaintiff has not suffered any actual harm, the parties are not in competition, and Defendants' conduct was not willful.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred because Plaintiff lacks standing to assert some or all of these claims.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred because Defendants' conduct is not likely to mislead or deceive consumers and/or the

public.

### NINTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred because the business practices relating to the allegations in the Complaint are not unfair, unlawful or fraudulent. No representation or advertisement contains any false or misleading statement. As such, the representations and advertising are not, and were not, in violation of any law or regulation. Moreover, Plaintiff cannot allege any damages, or loss of money or property arising from, or as a result from, Defendants' business practices.

### TENTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein fail to show any entitlement to the remedy of injunctive relief, including because they fail to state facts sufficient to show continuing acts, the threat of irreparable harm, inadequacy of a legal remedy, or a reasonable likelihood of repetition of the alleged conduct if it were in fact established to be wrongful.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendants' acts, conduct, or omissions as alleged in the Complaint, and/or any alleged injury was not causally related to any of Defendants' acts, conduct, or omissions as alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendant complied, or sought in good faith to comply, with all of its legal obligations under the applicable laws.

## THRITEENTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendant's conduct was consistent with the law and applicable regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by reason of the justified, good faith conduct and innocent intent by Defendants.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff is not entitled to recover any punitive or exemplary damages on the grounds that any award of punitive or exemplary damages under federal and/or state law in general, and/or any such award under federal and/or state law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and state constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and similar provisions of each state constitutions

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert other affirmative defenses which have become appropriate after discovery.

| | | |
|---|---|---|
| 1 | DATED: September 3, 2021 | EPSTEIN DRANGEL LLP |
| 2 | | By: *s/ Peter J. Farnese* |
| 3 | | Peter J. Farnese |
| 4 | | Attorneys for Defendants, Telebrands Corp., Hempvana, LLC, |
| 5 | | Bulbhead.Com, LLC, and Health Bloom, LLC |

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

DATED: September 3, 2021          By:   *s/ Peter J. Farnese*
                                        Peter J. Farnese