**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: 310-356-4668
Facsimile: 310-388-1232

Attorneys for Defendants,
Telebrands Corp., Hempvana, LLC,
Bulbhead.Com, LLC, and Health Bloom, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHVANA, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>TELEBRANDS CORP., a New Jersey Corporation; HEMPVANA, LLC, a Delaware Limited Liability Company; BULBHEAD.COM, LLC; a Delaware Limited Liability Company; and HEALTH BLOOM, LLC, a Delaware Limited Liability Company,<br><br>        Defendants. | CASE NO. 2:20-cv-04305-DDP-SK<br><br>**DEFENDANTS' APPLICATION TO FILE UNDER SEAL CERTAIN PORTIONS OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: February 14, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. Dean D. Pregerson<br>Crtm: 9C<br><br>Complaint Filed: May 12, 2020<br>Trial Date: March 15, 2022 |

Pursuant to L.R. 79-5 and the Stipulated Protective Order ("Protective Order") in this Action (Dkt. 31), Defendant Telebrands Corp. hereby applies for an Order Granting Permission to File Under Seal documents in connection with Defendant's Defendants' Motion for Summary Judgment. Specifically, Defendant seeks to seal the following documents:

| Document | Portions to Be Filed Under Seal |
|---|---|
| 1. Memorandum of Points and Authorities | Highlighted Portions |
| 2. Statement of Uncontroverted Facts and Conclusions of Law | Highlighted Portions |
| 3. Declaration of Peter J. Farnese | Highlighted Portions and Portions of Certain Exhibits:<br>• Exhibit A – Portions of Transcript of Deposition of Ramin Bastani Vol. I<br>• Exhibit B – Portions of Transcript of Deposition of Ramin Bastani, Vol. II.<br>• Exhibit C – Portions of Transcript of Deposition of Ramin Bastani, Vol. II.<br>• Exhibit D – Portions of Transcript of Deposition of Bala Iyer.<br>• Exhibit G – Financial Documents of Plaintiff |

Each of the above documents contains references or seeks to use evidence that contain the parties' "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information pursuant to the Protective Order.

A.   **LEGAL STANDARD**

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public

access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana.* Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including: "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

Records attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179-80 (quotations omitted). This requires a showing that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).

**B.   THE DOCUMENTS SHOULD BE SEALED**

Defendant's application is narrowly tailored and only seeks to seal certain limited highlighted portions of documents and Exhibits to the Farnese Declaration. The proposed redactions and exhibits involve financial documents, business strategy, and information marked as the parties' "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information pursuant to the Protective Order.

Courts have found that "confidential business information" in the form of "license

agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 U.S. Dist. LEXIS 185481, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 U.S. Dist. LEXIS 85107, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

The public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Thus, given Plaintiff's designations and the proprietary and confidential nature of the business information in proposed redactions, Defendant has demonstrated that under either the compelling reasons or good cause standards, the application to file under seal should be granted. *See, e.g., Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 U.S. Dist. LEXIS 169806, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 176248, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012).

## C. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its request to file the above-referenced documents under seal.

DATED: January 10, 2022                EPSTEIN DRANGEL LLP

                                       By:  *s/ Peter J. Farnese*
                                            Peter J. Farnese

                                       Attorneys for Defendants,
                                       Telebrands Corp., Hempvana, LLC,
                                       Bulbhead.Com, LLC, and Health Bloom, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

DATED: January 10, 2022     By:     s/ Peter J. Farnese
                                    Peter J. Farnese